UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUSTIN KONAN, | ) ) |
| Petitioner, | ) ) ) ) | 
| v. | ) ) |
| RAYMOND MARCHILLI, | ) ) |
| Respondent. | ) ) ) |

CIVIL ACTION

NO. 15-CV-40046-TSH

**AMENDED ORDER AND MEMORANDUM ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Docket No. 8) AND PETITIONER'S MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE (Docket No. 13)**

**October 19, 2015**

**HILLMAN, D.J.**

On June 7, 2011, after a jury trial in Worcester Superior Court, Dustin Konan (Petitioner) was convicted of one count of rape. He appealed to the Massachusetts Appeals Court, which affirmed his conviction on June 13, 2013. *See Commonwealth v. Konan*, 988 N.E.2d 877 (Mass. App. Ct. 2013) *review denied*, 991 N.E.2d 187 (Mass. 2013). Petitioner sought further appellate review by the Massachusetts Supreme Judicial Court, which denied his petition on July 25, 2013. *See Commonwealth v. Konan*, 991 N.E.2d 187 (Mass. 2013). Petitioner took no other action until March 16, 2015, when he filed the instant pro se petition for writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Raymond Marchilli (Respondent) moved to dismiss (Docket No. 8), asserting that the petition is time barred and that Petitioner has failed to exhaust state remedies. Petitioner responded with a motion to hold the

petition in abeyance (Docket No. 13), to allow him to pursue state remedies on the unexhausted portion of his claim.

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Here, Petitioner's conviction became final on October 23, 2013, which date marked the end of the ninety-day period during which Petitioner could have sought a writ of certiorari from the U.S. Supreme Court. *See* U.S. Sup. Ct. R. 13(1). Thus, Petitioner had until October 23, 2014, to file a timely petition for writ of habeas corpus; his petition was filed nearly five months after this date.

Petitioner acknowledges that his petition was not timely but explains that the delay was due to "ineffective communication" with his lawyer. According to Petitioner, his lawyer (presumably appellate counsel) failed to advise him of his options for post-conviction relief, including the procedures for filing a petition for writ of habeas corpus. Petitioner asks this Court to overlook the timeliness issue because of his counsel's failure to adequately apprise him of his options. (Docket No. 1 at 14.) I will treat Petitioner's explanation as a request for equitable tolling of the statute of limitations.

"[T]he one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases." *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007) (quoting *Neverson v. Farquharson,* 366 F.3d 32, 41 (1st Cir. 2004)). Nevertheless, Petitioner bears the burden of establishing a basis for equitable tolling, and this remedy is allowed only in "rare and extraordinary cases." *Id.* "[E]quitable tolling is 'the exception rather than the

rule . . . [and] resort to its prophylaxis is deemed justified only in extraordinary circumstances.'" *Holmes v. Spencer*, 685 F.3d 51, 62 (1st Cir. 2012) (quoting *Trapp,* 479 F.3d at 59 (internal citations omitted)). Indeed, "[o]ne of AEDPA's main purposes was to compel habeas petitions to be filed promptly after conviction and direct review." *Trapp,* 479 F.3d at 59 (quoting *David v. Hall,* 318 F.3d 343, 346 (1st Cir. 2003)). "[A] [habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 632 (2010)).

Assuming arguendo that Petitioner's counsel was obligated to apprise him of his post-appellate rights and failed to do so, this is insufficient to amount to the extraordinary circumstances required for equitable tolling. *See Holland*, 560 U.S. at 652 (internal citations omitted) ("'a garden variety claim of excusable neglect' . . . that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling."); *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) ("counsel's errors in calculating the time limits or advising a petitioner of the appropriate filing deadlines do not constitute extraordinary circumstances warranting equitable tolling."); *David v. Hall*, 318 F.3d 343, 345 (1st Cir. 2003) (error by counsel that led to failure to file within statute of limitations was insufficient for equitable tolling). Similarly, Petitioner's status as a non-lawyer with limited access to resources does not make his situation "extraordinary." *See Holmes*, 685 F.3d at 62. "Ignorance of the law alone, even for incarcerated *pro se* prisoners, does not excuse an untimely filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002) (citing *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001)) (additional citation omitted).

Because Petitioner has not shown the requisite circumstances for equitable tolling of his late-filed petition, it is time barred pursuant to 28 U.S.C. § 2244(d)(1). Regarding Petitioner's

motion to hold the petition in abeyance, this Court finds that abeyance for pursuit of state remedies would be futile, because the petition itself cannot proceed due to its untimeliness.  For these reasons, Respondent's motion to dismiss (Docket No. 8) is ***granted***, Petitioner's motion for abeyance (Docket No. 13) is ***denied***, and Petitioner's petition for writ of habeas corpus is dismissed.  A certificate of appealability is also ***denied***, because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

                                                     */s/ Timothy S. Hillman*
                                                   **TIMOTHY S. HILLMAN**
                                                   **DISTRICT JUDGE**